IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DONALD B. MARKS, #A0199365, | ) | CIV. NO. 14-00571 HG/BMK |
|---|---|---|
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION TO DENY MOTION FOR REMAND |
| vs. | ) ) | |
| HAWAII DEP'T OF PUBLIC SAFETY, JOHN IOANE, SHARI KIMOTO, | ) ) ) ) | |
| Defendants. | ) ) | |

**FINDINGS AND RECOMMENDATION TO DENY MOTION FOR REMAND**[1]

On December 22, 2014, Defendants removed this action from the Circuit Court of the First Circuit, State of Hawaii ("state circuit court") asserting federal question jurisdiction pursuant to 28 U.S. §§ 1331, 1441(a).  *See* Notice of Removal, Doc. No. 1.  Plaintiff, a prisoner confined at the Halawa Correctional Facility ("HCF"),[2] moves for remand, arguing that his claims arise under state law and venue is proper in the state court.  Doc. No. 8.  In the alternative, Plaintiff requests the court take supplemental jurisdiction over his state law claims.

---

[1] Within fourteen days after service of this Findings and Recommendation, a party may file written objections in the United States District Court if it seeks appellate review, pursuant to 28 U.S.C. § 636(b)(1)(B).  If no objections are filed, no appellate review is allowed.

[2] Plaintiff was confined at the Saguaro Correctional Center ("SCC"), in Eloy, Arizona, when he filed this action in the state circuit court and when Defendants removed it to this court.

Because removal was proper, this Court FINDS AND RECOMMENDS that Plaintiff's Motion for Remand be DENIED.

## I. BACKGROUND

Plaintiff filed this action in the state circuit court on August 25, 2014. *See* Notice of Removal, Doc. No. 1-1, Ex. 1. Plaintiff's Complaint is titled "Civil Complaint/Tort to Compel DPS to Correct Personal DPS Records Pursuant to the Uniform Information Practices Act (Modified) HRS §§ 92F-24(a), 92F-27(a), and HRS § 662." *Id.* The Complaint alleges violations of Article I §§ 2, 3, and 5 of the Hawaii Constitution, various state statutes, and Department of Public Safety ("DPS") policies and procedures. It also alleges violations of the First and Fourteenth Amendments to the United States Constitution. *See id.* Plaintiff seeks expungement of a June 20, 2012 Incident Detail Report, issued after a disciplinary hearing at SCC, in which Plaintiff was found guilty of hindering a prison official. Plaintiff alleges Defendants improperly incorporated this disciplinary report into his DPS institutional file, allegedly resulting in a six-point increase in Plaintiff's Custody Evaluation by DPS. Doc. No. 1-1, PageID #7.

On December 4, 2014, Plaintiff served the Complaint on Defendants. On December 22, 2014, Defendants timely removed the action to this court and immediately filed a Motion to Screen the

2

Complaint and Stay the Proceedings until such screening was completed. Mot., Doc. No. 4.

On December 29, 2014, the court denied Defendants' Motion to Screen the Complaint, because screening is required by 28 U.S.C. § 1915A(a) and a motion to screen is unnecessary. The Court granted a stay of the proceedings until the Complaint is screened. Order, Doc. No. 5.

On January 5, 2015, Plaintiff objected to removal, which is construed as a Motion for Remand. Mot., Doc. No. 8.

## II.  REMOVAL JURISDICTION

A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction. 28 U .S.C. § 1441(a). That is, a civil action that could have originally been brought in federal court may be removed from state to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Further, a federal court may exercise supplemental jurisdiction over closely related state law claims. *See* 28 U.S.C. § 1367(c).

An action "arises under" federal law when "federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "Federal jurisdiction must

be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Additionally, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

While a plaintiff may defeat removal by choosing not to plead any federal claims, *Caterpillar Inc.*, 482 U.S. at 399, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983); *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 981 (9th Cir. 1997). Conversely, a state law claim is not transformed into a federal cause of action merely because a complaint references federal law. *Easton*, 114 F.3d at 981.

### III. <u>DISCUSSION</u>

Plaintiff's pleading explicitly asserts that Defendants violated his federal constitutional rights to due process, equal protection, and the free exercise of religion as guaranteed by the First and Fourteenth Amendments to the United States Constitution. *See* Compl., Doc. No. 1-1, ¶¶ 53-55, 63, 72, 75, 88, 89, 107, 108, 112, 121-123, 137-142. In his Prayer for

Relief, Plaintiff requests declaratory relief holding that Defendants' use of the SCC disciplinary hearing to update his DPS institutional file violated his "Fourteenth Amendment 'Due Process', and 'Equal Protection' Rights under the U.S. Constitution." *Id.*, Prayer for Relief, PageID #35, ¶¶ 5,6.

Because Plaintiff's Complaint explicitly raises federal questions on its face, this court FINDS that it has original jurisdiction over his claims and that removal was proper. This court RECOMMENDS that Plaintiff's Motion to Remand be DENIED. 28 U.S.C. §§ 1331, 1441(a).

Regarding Plaintiff's request that the court exercise supplemental jurisdiction over his state law claims, he is notified that such jurisdiction is proper here, but the court may later decline supplemental jurisdiction pursuant to the factors set forth in 28 U.S.C. § 1367(c).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 29, 2015.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

*Marks v. Hawaii Dep't of Public Safety,* 1:14-cv-00571 HG/BMK, trsf ven rmnd 2015; J:\ChambersBMK\Ready For Judge\Marks 14-571 bmk (F&R to dny remand).wpd